**FILED & ENTERED**

**SEP 02 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| Alicia Marie Richards, | Case No.:  8:21-bk-10635-SC<br>Adv No:   8:22-ap-01067-SC |
| Debtor(s). | **ORDER** |
| Ryal W. Richards, | |
| Plaintiff(s), | |
| v. | |
| Alicia Marie Richards, | |
| Defendant(s). | |

**It is hereby ORDERED that this Order, after entry on this adversary proceeding docket, be immediately transmitted by the Clerk of the Bankruptcy Court for the Central District of California to the Bankruptcy Appellate Panel for the Ninth Circuit to accompany all other pleadings in the case regarding the Notice of Appeal and Request for Emergency Stay Pending Appeal.**

On September 2, 2022, a Notice of Appeal and Statement of Election was filed with the Bankruptcy Court in this adversary proceeding as Docket No. 25.

The Notice includes a Request an Emergency Hearing for Stay Pending Appeal directed to the Bankruptcy Appellate Panel for the Ninth Circuit. The Notice does not request that this Court rule on the Stay Pending Appeal and presents no reason why such a request would have been impracticable or impossible.

Federal Rule of Bankruptcy Procedure 8007 contains presentation requirements for Motions for Stay Pending Appeals. "Ordinarily, a party must move first in the bankruptcy court for the following relief . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). If the request is instead made directly to the court where the appeal is pending, the moving party must show "that moving first in the bankruptcy court would be impracticable," or "if a motion was made in the bankruptcy court" must "state the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling." Fed. R. Bankr. P. 8007(b)(2). *In re Rivera*, 2015 U.S. Dist. LEXIS 151860, *4-5 (NDCA 2015) (J. Davila.)

The Bankruptcy Court is perfectly willing to permit the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") to rule on the request for a stay pending appeal, notwithstanding no request by this Court to do so. However, to guide the BAP on the views of this Court in the event it would want to follow the Federal Rules of Bankruptcy Procedure in this instance, it is hereby ordered that this Order be docketed and immediately transmitted to the BAP.

This case, a chapter 7 case almost entirely involves a **family law matter** now pending in the Orange County Superior Court for the State of California. As previously found by this Court, in an effort to forum shop, the Debtor removed a matter directly from the family law court to this Bankruptcy Court. This Court, having reviewed the entirety of the bankruptcy court docket (with over 820 docketed items since March, 2021), and all adversary proceedings, including all transcripts since the announcement

of the transfer of the case from the retiring of the Honorable Erithe Smith to this Court on **August 16, 2022**, carefully considered the Motion to Remand. On the date this Court accepted the assignments, September 1, 2022, the Court entered its order remanding the case back to the Family Law Court in Orange County. That order was entered after careful consideration of the case, since its notice of assignment to this Court was made on August 16, 2022 and proceedings were otherwise scheduled in the family law court.

Had this Court been requested to decide whether a stay pending appeal on the Remand Order should issue, it would have considered the following:

The standard for a stay pending appeal is similar to the standard for a preliminary injunction, as the two orders raise similar concerns. See *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009).

Accordingly, a party seeking a stay pending appeal "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of relief, [3] that the balance of equities tips in his favor, and [4] that a stay is in the public interest." *Humane Soc'y of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009) (citing *Winter Nat. Res. Def. Council*, 555 U.S. 6, 19 (2008)); *United States SEC v. Wilde, No SACV 11-315-DOC (AJWx)*, 2013 U.S. Dist. LEXIS 76147, 2013 WL 2303761, at *5 (C.D. Cal. May 20, 2013). The party requesting a stay bears the burden of showing that the circumstances justify a stay. *Nken*, 556 U.S. at 433-34. See *Holmes v. Harris*, 2021 U.S. Dist. LEXIS 106820, *14-15, (CDCA 2021) (Chief Judge Gutierrez).

As the Court carefully familiarized itself with the pleadings, and all of them in this case, reviewed the Motion to Remand back to family law court, and the Opposition, it determined that the removal was an effort to forestall a family law determination and remove the decision to another forum. The Court also determined after careful review that there were no important federal bankruptcy questions involved in the family law court matter and that the family law court was best suited to resolve the issues before it, and it had the jurisdiction to do so. Thus, this Court would have found that the Movant

has no likely chance of success on the appeal. Also, this Court would have discussed ad considered the standard of review of an appellate court on issues of remand and would have noted that lower courts have broad discretion with respect to remand proceedings to state family law courts.

The Court would have found no irreparable harm to any party but for a stay of appeal. No such showing is set forth in the Request for a Stay.

This Court would have also analyzed the equities of this proceeding and parties and would have found that the balance, by clear and convincing measures, would weigh on the side of parties seeking remand of this matter to the family law court in Orange County, California.

Finally, this Court would have found that the public interest in having family law matters determined in family law courts (and probate matters heard in state probate courts) is paramount in these types of cases. See *i.e. Stern v. Marshall*, 564 U.S. 462, 462 (2011).

This Court would have again reviewed its order now under appeal and found that it had previously held that:

> The Court may remand this matter pursuant to 28 U.S.C. §1452(b), FRBP 9027 and *Roberts v. Bisno*, 433 B.R. 753, 758 (CD Cal. 2010). Courts have "an unusually broad grant of authority" to order an equitable remand. *McCarthy v. Prince*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). In evaluating whether equitable remand is appropriate, courts generally rely on the following fourteen factors: (1) the effect on the efficient administration of the estate; (2) the extent to which state-law issues predominate; (3) the lack of novelty or difficulty of applicable law; (4) the presence of related state-court proceedings; (5) the lack of jurisdictional bases for removal other than § 1334(b); (5) the remoteness to the main bankruptcy case; (7) the absence of any core proceeding; (8) the inapplicability of severing claims; (9) the burden on the federal docket; (10) the likelihood of forum shopping; (11) the right to a jury trial; (12) the presence of non-debtor parties; (13) comity; and (14) the possible prejudice to the plaintiff. *Id.* See also, *Deen v. Deen (In re Deen),* No. SC-21-1035-BSF, 2022 Bankr. LEXIS 1601, at *1 (B.A.P. 9th Cir. June 7, 2022).
>
> In the instant action, remand is warranted based upon the law and facts as articulated clearly in the pleadings before this Court.
>
> First, this action will have little to no material effect on the bankruptcy proceeding.

Second, California state law predominates. Third, there are no difficult or unsettled issues of federal law. See, Citigroup v. Pac. Inv. Mgmt. Co (In re Enron), 296 B.R. 505, 509 (C.D. Cal. 2003) (favoring remand because "California courts have more expertise in interpreting California law"). Fourth, this action does not present any bankruptcy issues. Fifth, jurisdiction is based on §1334(b). Sixth, there are no severability of issues factors to consider here. Seventh, there seems to be forum shopping by Debtor in this case. Eighth, comity favors equitable remand since the only claims asserted are state-law claims. In re Enron, 296 B.R. at 509. ("Comity dictates that California courts should have the rights to adjudicate the exclusively state law claims involving California-centric plaintiffs and California-centric transaction").

For all of these reasons, this Court would have denied the Stay Pending Appeal, had the proper procedures been utilized by the Moving party. However, this Court graciously indicates that it has no problem with the BAP undertaking a hearing on a Motion for Stay Pending Appeal.

**IT IS SO ORDERED.**

Dated: September 2, 2022

Scott C. Clarkson
United States Bankruptcy Judge